IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **HERITAGE FOUNDATION**, <br><br> **MIKE HOWELL**, <br><br> *Plaintiffs,* <br><br> v. <br><br> **U.S. DEPARTMENT OF JUSTICE**, <br><br> *Defendant.* | Case No. 1:24-cv-00645-DLF |

**DEFENDANT'S NOTICE REGARDING SUPPLEMENTAL SEARCH DECLARATION**

On July 22, 2024, Defendant filed a Notice informing the Court that Defendant had spoken with former-Special Counsel Robert K. Hur, who identified two records that he relied upon, in addition to those the Department already identified, in making the statements highlighted in the specified passages of the Hur Report (ECF No. 1-5) that are at issue in this case. *See* ECF No. 26, at 2. The next day, the Court issued a minute order requiring the parties to meet and confer and to file a joint status report "stating their respective positions on the remaining issues in the case." July 23, 2024 Minute Order.

During the conferral process, Plaintiffs relayed that they are unwilling to relinquish their challenge to the adequacy of the search before seeing a filed supplemental search declaration. Accordingly, Defendant hereby files the supplemental search declaration attached hereto as Exhibit A. Plaintiffs will provide their position on whether they are continuing to challenge the search in the forthcoming Joint Status Report, which will also address any other issues remaining in the case.

Dated:  August 23, 2024 　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　BRIAN M. BOYNTON
　　　　　　　　　　　　　　　　　　Principal Deputy Assistant Attorney General

　　　　　　　　　　　　　　　　　　MARCIA BERMAN
　　　　　　　　　　　　　　　　　　Assistant Branch Director

　　　　　　　　　　　　　　　　　　*/s/ Cameron Silverberg*
　　　　　　　　　　　　　　　　　　CAMERON SILVERBERG (D.C. Bar No. 1780628)
　　　　　　　　　　　　　　　　　　JOSHUA C. ABBUHL (D.C. Bar No. 1044782)
　　　　　　　　　　　　　　　　　　Trial Attorneys
　　　　　　　　　　　　　　　　　　United States Department of Justice
　　　　　　　　　　　　　　　　　　Civil Division, Federal Programs Branch
　　　　　　　　　　　　　　　　　　1100 L Street NW
　　　　　　　　　　　　　　　　　　Washington, DC 20005
　　　　　　　　　　　　　　　　　　Tel.:　(202) 353-9265
　　　　　　　　　　　　　　　　　　Fax:　(202) 616-8470
　　　　　　　　　　　　　　　　　　Email: Cameron.D.Silverberg@usdoj.gov

　　　　　　　　　　　　　　　　　　*Counsel for Defendant*

# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **HERITAGE FOUNDATION,**<br><br>**MIKE HOWELL,**<br><br>    *Plaintiffs,*<br><br>  v.<br><br>**U.S. DEPARTMENT OF JUSTICE,**<br><br>    *Defendant.* | Case No. 1:24-cv-00645-DLF |

## DECLARATION OF BRADLEY WEINSHEIMER

I, Bradley Weinsheimer, declare the following to be true and correct:

  1.  I am an Associate Deputy Attorney General for the Department of Justice ("the Department"). I serve as the highest-ranking career official in the Department. I have held this position since July 2018. Prior to that time, I served in the Department's National Security Division, from March 2016 to July 2018, serving as Acting Chief of Staff to the Assistant Attorney General from May 2016 until approximately February 2018. I have worked at the Department since 1991, including twenty years as an Assistant United States Attorney ("AUSA") in Washington, D.C. As an AUSA, I handled a wide variety of narcotics, violent crime, and public corruption cases, and held numerous supervisory positions, including Chief of the Superior Court Division and Chief of the Grand Jury Section.

  2.  The statements made in this declaration are based on my personal knowledge as well as information obtained in the course of my official duties, including conversations I had with former-Special Counsel Robert K. Hur.

1

3. I understand that Plaintiffs Heritage Foundation and Mike Howell ("Plaintiffs") submitted a Freedom of Information Act ("FOIA") request to the Department seeking the records that Mr. Hur "relied upon" in making certain highlighted statements contained in six identified passages in the *Report on the Investigation Into Unauthorized Removal, Retention, and Disclosure of Classified Documents Discovered at Locations Including the Penn Biden Center and the Delaware Private Residence of President Joseph R. Biden, Jr.* (Feb. 2024) ("Hur Report"). *See* Am. Compl. ¶ 9.

4. The Department conducted a search for responsive records. That search is described in declarations previously submitted by the Department in support of its partial motion for summary judgment on the adequacy of the search, and in a notice filed by the Department on July 22, 2024 to provide certain updates regarding the search in advance of a court conference scheduled for the next morning. *See* Talebian Decl., ECF No. 21-2; Supp. Talebian Decl., ECF No. 25-2; *see also* ECF No. 21 (Defendant's motion for partial summary judgment); ECF No. 25 (Defendant's reply in support of motion for partial summary judgment); ECF No. 26 (Defendant's Notice Regarding Search). This declaration is meant to memorialize in a declaration the information contained in the July 22 notice and otherwise supplement the record.

5. As set forth in the Department's partial summary judgment motion, the Department's initial search identified four potentially responsive items: (1) court-reporter produced transcripts of Mr. Hur's interview of President Biden; (2) audio of Mr. Hur's interview of President Biden; (3) audio recordings from 2016-17 of conversations between President Biden and Mr. Zwonitzer (the "Biden-Zwonitzer recordings"); and (4) a memorandum that then-Vice President Biden wrote to President Obama regarding Afghanistan policy. *See* ECF No. 21, at 1, 9; Talebian Decl., ¶ 9.

2

6. On July 18, 2024, in the course of processing the portions of the Biden-Zwonitzer audio recordings that the parties agreed to, the Department located six electronic files, consisting of a total of 117 pages, that appeared to be verbatim transcripts of a small subset of the Biden-Zwonitzer audio recordings created for the Special Counsel's Office ("SCO") by a court-reporting service. Having learned about the transcripts, the Department planned to contact a former member of the Special Counsel staff with knowledge of the SCO files with whom the Department had previously consulted. However, the individual was out of the office and unavailable. Accordingly, the Department contacted Special Counsel Hur to ask about the nature of the transcripts. Mr. Hur confirmed that the six files were transcripts of a small subset of the Biden-Zwonitzer audio recordings, created by a court-reporting service at the SCO's request.

7. Having contacted Mr. Hur to gather information about the transcripts, the Department concluded that it was appropriate under the circumstances to ask him what records he relied upon in making the statements contained in the six passages of the Hur Report that Plaintiffs highlighted in their FOIA request. The Department read the highlighted statements to Mr. Hur, informed Mr. Hur of the four categories of records discussed above that the Department had already identified as potentially responsive to Plaintiffs' FOIA request, and asked Mr. Hur if he relied upon any additional materials in making the highlighted statements.

8. Mr. Hur identified two additional records that he relied upon that are not already in the public domain: (1) the newly-located transcripts of a small subset of the Biden-Zwonitzer audio prepared by a court-reporting service at the SCO's request, and (2) a portion of Mr. Biden's handwritten notebook that related to the Afghanistan memo previously identified by the Department as potentially responsive. Mr. Hur confirmed that, in making the statements highlighted in Plaintiff's FOIA request, he relied upon the Biden-Zwonitzer audio recordings

3

generally. The Department asked Mr. Hur whether he had relied upon any specific notes taken during the investigation for the highlighted statements in the FOIA request, and Mr. Hur did not recall doing so.

9. The Department identified the court-reporter-prepared transcripts of the Biden-Zwonitzer audio when reviewing SCO's electronic files. Specifically, the Department identified within the SCO's electronic files a subfolder referencing a court-reporting service, and the six transcripts were located within that subfolder. No other such transcripts of the Biden-Zwonitzer conversations were located within this folder, and the Department has no reason to believe that Mr. Hur relied on any other such transcripts of those conversations other than the small subset that was located. As noted above, Mr. Hur did rely on court-reporter produced transcripts of Mr. Hur's interview of President Biden.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

_____
Bradley Weinsheimer
Associate Deputy Attorney General

Executed this 21st day of August, 2024.