**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

**HERITAGE FOUNDATION**,

**MIKE HOWELL**,

        *Plaintiffs,*

    v.

**U.S. DEPARTMENT OF JUSTICE**,

        *Defendant.*

Case No. 1:24-cv-00645-DLF

---

**JOINT STATUS REPORT**

Plaintiffs Mike Howell and the Heritage Foundation and Defendant U.S. Department of Justice hereby submit this joint status report in this Freedom of Information Act ("FOIA") case.

**Defendant's Position**

Defendant intends to disclose the written transcript and audio recordings at issue in this matter, with redactions, to Congress, pursuant to a request from the Chair of the House Judiciary Committee, as well as to Plaintiffs. President Biden, through counsel, has advised the Department that he intends to seek to intervene to prevent any such disclosures. The Department does not oppose intervention. If President Biden does not seek to intervene on or before May 12, the Department will disclose the material shortly thereafter. Otherwise, the Department will disclose the material on June 15.

1

**Plaintiffs' Position**

The foregoing status is a surprise to Plaintiffs because the Department had informed Plaintiffs that a release was forthcoming and that negotiations with counsel for President Biden were focused on certain particular materials (which would be expected, as Plaintiffs have never contested that *some* redactions would likely be appropriate). It appears that after lengthy negotiation covering several months—at no point seeking to intervene into this case on a timely basis—President Biden has changed position and now seeks to even enjoin release of the portions of transcripts that match exact phrases quoted in the Hur Report. The potential intervention by former President Biden and the new development of a discretionary release to the House Judiciary Committee in response to their March 23, 2026 letter, raises a number of issues.

As Plaintiffs understand the matter, President Biden would need an order barring release in this case *and* an order enjoining the Department from producing to the House Judiciary Committee *all by June 15, 2026*. That will necessitate emergency litigation, particularly if emergency applications to the D.C. Circuit or the Supreme Court are contemplated. It would also likely lead to intervention by the House Judiciary Committee, further complicating the litigation schedule.

Plaintiffs have conferred multiple times with the Department and understand that the answer as to how this litigation will now (apparently) unfold is in the hands of counsel for President Biden. Plaintiffs have emailed and called lead counsel for President Biden multiple times to get clarity on: (1) when they intend to file intervention papers; (2) roughly, what will a proposed pleading in intervention on the side of defendant look like, since counsel did share with us they intend to intervene on the Department's side; (3) will a separate action seeking injunctive relief to block release of the documents also be filed; (4) on what possible basis (besides the vague assertion

that DOJ's position has changed) could President Biden cite to in order to establish intervention is timely; and (5) why is further delay being added after we were first notified intervention would be sought before intervention papers are actually being filed.

We have received no clear answers on any of these questions and indeed were told by that providing such information to this Court in this report is unnecessary because President Biden is not a party to the case. Counsel for President Biden has not explained to us how that position makes any sense, given that they intend *to try* to become a party to this case. Nor has President Biden's counsel responded to our point that surely this Court would appreciate knowing more about their intentions with specificity.

To date, we have been unable to speak to anyone other than a senior associate working on the matter. That senior associate has provided no information as to how President Biden expects this complex emergency litigation to unfold. President Biden's lead counsel emailed yesterday evening and indicated she had lost her voice and thus could not speak, but provided no explanation for why she had neither previously emailed nor armed her senior associate (who is a veteran of the DOJ Civil Division Federal Programs staff) with actual information that she could provide us in a phone call. Further attempts to engage by email with President Biden's counsel were unavailing. Indeed, President Biden's counsel alluded to a timeline and facts that they believe are pertinent but which they apparently would not put in writing and would not discuss until a phone call now scheduled for late Monday afternoon.

President Biden's lead counsel was unable to provide any information about President Biden's submissions arguing that such discussion was somehow premature (whereas, in reality it is *16 months* late) and incredibly indicating that despite the June 15, 2026 production date, the motion to intervene would not be filed until mid-*next* week and that President Biden would seek

3

up to three days *after* a ruling granting a motion to intervene to submit a proposed schedule for substantive relief.  That is no way to conduct litigation and smacks of kicking the can down the road to justify delaying the June 15, 2026 production by some form of administrative injunction.

That is not only unfair to Plaintiffs and the Department; it is massively unfair to this Court, which is being presented with an emergency procedural morass that the current Parties and potential new party can and should at least *attempt* to resolve themselves.

In light of the foregoing, Plaintiffs note the following:

*First,* Plaintiffs currently intend to object to the intervention as untimely.  President Biden was well aware of both this action and the potential for divergence in interests with the Department on January 20, 2025 at 12:01 p.m.  Yet he waited well over a year to seek to intervene despite open filings in the public docket of this case indicating that negotiations between Plaintiffs and the Department have been ongoing.

*Second.*  Plaintiffs reserve their rights to object to intervention on non-timeliness grounds as well, pending review of the contemplated motion to intervene, given the failure of counsel for President Biden to even inform the parties of the basis and claims in intervention supporting the Department.

*Third.*  Plaintiffs will seek to consolidate with this action a separately filed action (if one is filed, which again President Biden's counsel will neither confirm nor deny) to enjoin production to Plaintiff or to the House Judiciary Committee.

*Fourth.*  Plaintiffs reiterate the offer they have made many times to President Biden's counsel to meet and confer and agree on a consolidated path forward *now* in order to narrow the issues presented to the Court in an emergency posture and cut to the heart of the matter.

The public deserves to hear the tapes and read the transcripts as redacted by President Donald J. Trump's Department of Justice.  Plaintiffs regret that they are currently unable to assist the Court in this process due to the repeated failure of counsel for President Biden to engage with Plaintiffs on this matter, putting off even initial substantive conversations until next week.

Dated: May 8, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ELIZABETH J. SHAPIRO
Deputy Branch Director
Federal Programs Branch

*/s/ John J. Halloran, Jr.*
JOHN J. HALLORAN, JR.
D.C. Bar No. 454128
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20005
Tel: (202) 598-3398
Fax: (202) 616-8460
Email:  John.J.Halloran.Jr@usdoj.gov

*Counsel for Defendant*

-- and --

*/s/ Samuel Everett Dewey*
SAMUEL EVERETT DEWEY (No. 999979)
Chambers of Samuel Everett Dewey, LLC
Telephone: (703) 261-4194
Email:  samueledewey@sedchambers.com

*Counsel for Plaintiffs*

5

## CERTIFICATE OF SERVICE

On May 8, 2026, I electronically submitted the foregoing document with the Clerk of Court for the U.S. District Court for the District of Columbia, using the electronic case filing system of the Court.

*/s/ John J. Halloran, Jr.*
JOHN J. HALLORAN, JR.
Trial Attorney
United States Department of Justice