**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

<table>
<tr><td>

**HERITAGE FOUNDATION**, &
**MIKE HOWELL**,

          *Plaintiffs,*

      v.

**U.S. DEPARTMENT OF JUSTICE**,


          *Defendant,*

**JOSEPH R. BIDEN, JR.**,

          *Defendant-Intervenor*.

</td><td>

Case No. 1:24-cv-00645 (DLF)

</td></tr>
</table>

**NOTICE PURSUANT TO LOCAL CIVIL RULE 65.1(d)**

Local Civil Rule 65.1(d) provides in pertinent part:

The practice in this jurisdiction is to decide preliminary injunction motions without live testimony where possible. Accordingly, any party who wishes to offer live testimony or cross-examine an affiant at the hearing shall so request in writing 72 hours before the hearing and shall provide the Court and all other parties a list of the witnesses to be examined and an estimate of the time required. The Court may decline to hear witnesses at the hearing where the need for live testimony is outweighed by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

LCvR 65.1(d). While this Local Rule disfavors evidentiary hearings, the key operative language is that the Rule only does so "'***where possible***.'" *In Re Matter of Fed. Bureau of Prisons Execution Protocol Cases*, 514 F.Supp.3d 136, 146 (D.D.C. 2021) (quoting LCvR 65.1(d)) (emphasis in original), *vacated on other grounds*, No. 21-5004, 2021 WL 164918, at *1 (Jan. 13, 2021); *see id.* (exercising discretion to hold evidentiary hearing). The D.C. Circuit has been clear that while "[a] preliminary injunction may be granted based on less formal procedures and on less-extensive evidence than in a trial on the merits, . . . but if there are genuine issues of material fact raised in

1

opposition to a motion for a preliminary injunction, an evidentiary hearing is required." *Cobell v. Norton*, 391 F.3d 251, 261 (D.C. Cir. 2004) (citations omitted).   The D.C. Circuit has also emphasized that while the District Court has discretion, "[p]articularly when a court must make credibility determinations to resolve key factual disputes in favor of the moving party, it is an abuse of discretion for the court to settle the question on the basis of documents alone, without an evidentiary hearing." *Id.* (citations omitted).

Here, this Court has already recognized there is a factual dispute:  "[I]t is apparent that the parties and the intervenor dispute whether the Zwonitzer materials, as redacted by the defendant, contain sensitive, personal information about the intervenor and his family."  Minute Order, June 8, 2026.   Given the exigent timeline imposed by former President Joseph R. Joseph Jr.'s ("Intervenor") litigation choices and with Plaintiffs' consent (*see* Pls.' Br. in Opp. to Mot. for Prelim. Inj. at 38 n.10, ECF No. 69; *Arieff v. U.S. Dep't of Navy*, 712 F.2d 1462, 1470–71 (D.C. Cir. 1983) (Scalia, J.)), this Court has properly directed expedited *in camera* review.

In addition to the factual dispute surrounding what is in the intended production set—which as the Court recognized speak for itself—there is also necessarily a factual dispute about what is *implicated* by the materials, particularly as to Intervenor's claim of irreparable harm from a violation of putative privacy interests.  Put differently, has Intervenor shown a privacy interest in the proposed production set based on all available evidence?  That dispute is bound up in the Court's June 8 Minute Order.  Both Plaintiffs and the Department submit Intervenor has failed to produce competent evidence to carry his *burden of production* on showing irreparable harm and therefore his Motion for a Preliminary Injunction must be denied.  *See* Def.'s Br. in Opp. to Mot. for Prelim. Inj. at 21, 36–37, ECF No. 68; Pls.' Br. in Opp. to Mot. for Prelim. Inj. at 41–42, ECF No. 69.

But should this Court disagree, and find Intervenor has met his burden of production, there *undoubtedly is* a dispute of material fact under the very portions of the Declaration of Peter A. Winn at ¶¶ 6, 11 (June 5, 2026) (ECF No. 68-1) relied upon in the Court's June 8 Minute Order as well as the record in this action.  *See* Pls.' Br. in Opp. to Mot. for Prelim. Inj. at 26–27, ECF No. 69

(collecting record evidence). In such a circumstance, *Cobell* would require this Court to hold an evidentiary hearing.

In order to make any hearing as efficient as possible, Plaintiffs wish to cut through the tedium and procedural implication of cross-examining Intervenor's Counsel of Record on her Attorney Declaration—which is based on clear (and unsourced) hearsay, and likely multiple layers of hearsay—and instead cross-examine Intervenor *himself*, the direct party in interest: Joseph R. Biden, Jr. *Cf.* LCvR 65.1(d) (discussing "cross-examin[ing] an affiant"). Plaintiffs therefore request an evidentiary hearing at which they intend to call Joseph R. Biden, Jr. for cross-examination and estimate they will need no more than 1.5 hours (90 minutes) for that examination.[1]

---

[1] Counsel for Intervenor has stated "President Biden opposes Plaintiffs' request for an evidentiary hearing and will respond to that request by June 9, the deadline for his reply."

Dated:  June 8, 2026

Respectfully submitted,

/s/ Samuel Everett Dewey
SAMUEL EVERETT DEWEY
(No. 999979)
Chambers of Samuel Everett Dewey, LLC
Telephone:  (703) 261-4194
Email:  samueledewey@sedchambers.com

JEFFREY BOSSERT CLARK
(No. 455315)
THE OVERSIGHT PROJECT
211 N. Union Street
Alexandria, VA 22314
202-279-1396
Email:  Jeff@itsyourgov.org

KYLE BROSNAN
(No. 90021475)
THE OVERSIGHT PROJECT
211 North Union Street
Alexandria, VA 22314
845-674-5589
Email:  Kyle@ItsYourGov.org

ERIC NEAL CORNETT
(No. 1660201)
THE OVERSIGHT PROJECT
211 North Union Street
Alexandria, VA 22314
845-674-5589
Email:  Neal@ItsYourGov.org

Counsel for Plaintiffs