**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

HERITAGE FOUNDATION,

MIKE HOWELL,

       *Plaintiffs*,

    v.

U.S. DEPARTMENT OF JUSTICE,

       *Defendant*,

    and

JOSEPH R. BIDEN, JR.,

       *Defendant-Intervenor.*

No. 24-cv-645 (DLF)

**MEMORANDUM OF LAW IN SUPPORT OF EMERGENCY MOTION
FOR INJUNCTION PENDING APPEAL BY JOSEPH R. BIDEN, JR.**

**INTRODUCTION**

This Court should grant an injunction pending appeal to prevent an irreversible change in the status quo. President Biden's motion for a preliminary injunction raises serious legal questions, and the disclosure of his private conversations cannot be undone. The resulting damage to his privacy and to weighty law enforcement interests will be permanent. By contrast, there is no immediate need for Plaintiffs the Heritage Foundation and Mike Howell (the "Heritage Plaintiffs") to access the tapes and recordings at issue. This FOIA action has been pending for more than two years, and there is no meaningful public interest—let alone one that must be satisfied in the next few hours—in the disclosure of decade-old conversations by a former President who is now a private citizen, and neither holds nor is seeking public office. For the reasons explained below, President Biden satisfies all the factors for an injunction pending appeal.

**BACKGROUND**

On May 5, 2026, Defendant the U.S. Department of Justice (the "Department") informed President Biden it had made a final decision to release the recordings and transcripts at issue—with redactions that are wholly inadequate to protect the privacy interests of President Biden and of third parties—on June 15, 2026, unless President Biden obtained a court order blocking release by that date. Jeffress Decl. ¶¶ 25-29, ECF No. 65-2.

On May 12, President Biden moved to intervene in this litigation, seeking to enjoin the Department from producing the materials at issue to the Heritage Plaintiffs. ECF No. 51. Recognizing President Biden's "right to protect his privacy interests," the Court granted his intervention motion "as to the Department's production of the Zwonitzer materials to the [Heritage Plaintiffs]." Intervention Order, ECF No. 63 at 5. The Court reasoned that "[t]he sensitive nature of the Zwonitzer materials means that Biden's privacy interests are likely substantial" and that "the audio tapes and transcripts, if disseminated, 'would result in a substantial change in the status quo

1

with respect to those [privacy] interests, such that the task of reestablishing the status quo' would be impossible." *Id.* at 8 (quoting *Waterkeeper All., Inc. v. Wheeler*, 330 F.R.D. 1, 7 (D.D.C. 2018)).

On May 29, 2026, President Biden moved for a preliminary injunction to enjoin the Department from producing the materials at issue to the Heritage Plaintiffs. Mot., ECF No. 65-1. At a telephonic conference on June 6, the Department agreed to delay the release of the materials at issue until June 19, 2026, at 5:00 p.m. EST. On June 19 at 12:33 p.m., the Court informed the parties that it intends to deny President Biden's motion for preliminary injunction and directed that any motion for injunction pending appeal pursuant to Federal Rule of Civil Procedure 62(d) be filed no later than 2:00 p.m. EST today. *See* Minute Order (June 19, 2026). President Biden now moves for an injunction pending appeal pursuant to Rule 62(d).

## LEGAL STANDARD

Federal Rule of Civil Procedure 62(d) authorizes a district court to issue an injunction pending appeal. *See* Fed. R. Civ. P. 62(d). To obtain an injunction pending appeal under Rule 62(d), the moving party must establish a likelihood that he will suffer irreparable harm, a likelihood of success on the merits, and that the balance of equities and public interest favor an injunction. *See Cuomo v. U.S. Nuclear Regulatory Comm'n*, 772 F.2d 972, 974 (D.C. Cir. 1985) (per curiam) (citing *Wash. Metro. Area Transit Comm'n v. Holiday Tours, Inc.*, 559 F.2d 841, 843-44 (D.C. Cir. 1977)); *Cigar Ass'n of Am. v. U.S. Food & Drug Admin.*, 317 F. Supp. 3d 555, 560 (D.D.C. 2018).

"Courts in this Circuit traditionally have analyzed these four factors on a 'sliding scale,' whereby 'a strong showing on one factor could make up for a weaker showing on another.'" *Cigar Ass'n*, 317 F. Supp. 3d at 560 (quoting *Sherley v. Sebelius*, 644 F.3d 388, 392 (D.C. Cir. 2011)). Although it remains an unresolved question in this Circuit whether the Supreme Court's decision in *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008), abrogated the sliding

scale approach to injunctions pending appeal, "the district judges in this Circuit continue to adhere to binding precedent and apply the sliding scale approach to determine whether a movant is entitled to an injunction pending resolution of its appeal," *Cigar Ass'n*, 317 F. Supp. 3d at 560; *see Archdiocese of Wash. v. Wash. Metro. Area Transit Auth.*, 897 F.3d 314, 334 (D.C. Cir. 2018) (acknowledging the open question and declining to resolve it).  Accordingly, this Court may grant President Biden's motion for injunction pending appeal "if a 'serious legal question is presented, little if any harm will befall other interested persons or the public, and denial of the order would inflict irreparable injury on [President Biden].'"  *Cigar Ass'n*, 317 F. Supp. 3d at 560-61 (citation modified) (quoting *Holiday Tours*, 559 F.2d at 844).

## ARGUMENT

President Biden satisfies all of the factors for an injunction pending appeal: (1) he will suffer irreparable harm in the absence of an injunction; (2) he has raised at least "serious legal questions" going to the merits of his claims; and (3) the balance of the equities and the public interest weigh strongly in his favor.  *See Cigar Ass'n*, 317 F. Supp. 3d at 560-61 (citing *Holiday Tours*, 559 F.3d at 844).

### I.    President Biden Will Suffer Irreparable Harm in the Absence of an Injunction

An injunction pending appeal "is necessary to avoid irreparable injury" to President Biden from "release" of the "documents" at issue to the Heritage Plaintiffs "prior to having the opportunity to seek meaningful appellate review."  *People for the Am. Way Found. v. U.S. Dep't of Educ.*, 518 F. Supp. 2d 174, 177 (D.D.C. 2007).  "Particularly in the FOIA context, courts have routinely issued stays where the release of documents would moot a defendant's right to appeal."  *Id.* (citing cases).  Consistent with these decisions, the Court should grant President Biden's motion for an injunction pending appeal.

More generally, as courts in this District consistently have recognized, "disclosure necessitates a preliminary injunction when there is an imminent risk that information privately disclosed . . . will either be impermissibly used or publicly disclosed." *AFL-CIO v. Dep't of Lab.*, No. 25 Civ. 339, 2025 WL 1783899, at *12 (D.D.C. June 27, 2025); *see, e.g.*, *Hosp. Staffing Sols., LLC v. Reyes*, 736 F. Supp. 2d 192, 200 (D.D.C. 2010) (concluding that "disclosure of proprietary information" to "competitors in the market" would constitute irreparable harm); *Council on Am.-Islamic Rels. v. Gaubatz*, 667 F. Supp. 2d 67, 76 (D.D.C. 2009) (concluding that public disclosure of confidential information, including "personal information" about a party's employees, would cause irreparable harm).

Here, too, "public dissemination of [President Biden's] sensitive, private information is an irreparable harm." *All. for Retired Ams. v. Bessent*, 770 F. Supp. 3d 79, 102 (D.D.C. 2025). As this Court has explained, disclosure would "'result in a substantial change in the status quo with respect to [President Biden's] [privacy] interests, such that the task of reestablishing the status quo' would be impossible." ECF No. 63 at 8 (quoting *Waterkeeper All., Inc. v. Wheeler*, 330 F.R.D. 1, 7 (D.D.C. 2018)). Monetary damages could not remedy this harm to President Biden's personal privacy interests. *See, e.g.*, *Ctr. for Taxpayer Rts. v. Internal Revenue Serv.*, 815 F. Supp. 3d 1, 44 (D.D.C. 2025).

For these reasons, and for the reasons explained in previous filings, *see* Mot. at 32-34; Reply at 21-24, the Court should grant President Biden's motion for an injunction pending appeal. Because release of the materials at issue would moot President Biden's claims against the Department, a contrary decision would effectively foreclose President Biden's ability to seek either a full hearing on the merits in this Court or appellate review of the Court's order denying President Biden's motion for a preliminary injunction.

4

**II.        President Biden Has Raised at Least "Serious Legal Questions" on the Merits**

The striking, irreparable harm that President Biden will face must also be viewed in light of the serious legal questions President Biden has presented on the merits.  As this Court has recognized, President Biden's claims raise—at minimum—"very difficult [issues] and issues of first impression."  Tr. at 26:18-19.  These are "really difficult, challenging legal issues" on which reasonable judges could—and have—disagreed.  *Id.* at 4:9-11.  In short, although the Court has determined that a preliminary injunction is not warranted, the Court also has recognized that President Biden raises serious legal questions on the merits.

The Department's decision to disclose the materials to the Heritage Plaintiffs is a final agency action subject to review under the Administrative Procedure Act ("APA").  Mot. at 12-13.  There is hardly any dispute that the materials at minimum *implicate* Exemptions 6 and 7(C)—and there is no dispute that the Department reversed its longstanding position on the application of those exemptions.  Because the Department did not satisfy the APA's requirement to "engage in 'reasoned decisionmaking,'" *Dep't of Homeland Sec. v. Regents of the Univ. of Cal.*, 591 U.S. 1, 16 (2020) (citation omitted), its decision to disclose the transcripts and audio recordings of President Biden's private conversations to the Heritage Plaintiffs must be "set aside," 5 U.S.C. § 706(2).

In addition, President Biden has raised at least serious legal questions going to the merits of his claim that the disclosure to Heritage would be contrary to the Privacy Act and therefore violate the APA.  *See* Mot. at 26-32.  The Department contends that the Privacy Act forecloses injunctive relief under the APA in this case.  But as President Biden argued in his motion papers, courts in this District have concluded—and the Supreme Court has assumed—that the APA authorizes injunctive relief for violations of the Privacy Act in circumstances that are arguably indistinguishable from the circumstances here.  *See id.* at 26-27; Tr. at 13:8-16:5.

5

### III. The Balance of Equities and Public Interest Weigh Strongly in Favor of an Injunction

The balance of equities and public interest also weigh in favor of an injunction. Simply put, the public interest and equities do not favor taking a step at the preliminary stage of litigation that will effectively end the matter, by granting the Heritage Plaintiffs the ultimate outcome they seek. President Biden will, as this Court recognized in the Intervention Order, suffer severe and irreparable harm to his privacy interests if the materials are disclosed. And he has raised at least serious legal questions on the merits. The public interest and equities favor maintaining the status quo and protecting President Biden's privacy interests while these serious questions are resolved on the merits. *See* Mot. at 34-36.

Here, an injunction pending appeal is warranted because "a 'serious legal question is presented, little if any harm will befall other interested persons or the public,'" if an injunction is granted, "and denial of the order would inflict irreparable injury on [President Biden].'" *Cigar Ass'n*, 317 F. Supp. 3d at 560-61 (citation modified) (quoting *Holiday Tours*, 559 F.2d at 844).

### CONCLUSION

For the foregoing reasons, President Biden respectfully requests that the Court waive a security bond and grant the emergency motion for injunction pending appeal before Friday, June 19, 2026, at 5:00 p.m. EST.

Dated: June 19, 2026

Respectfully submitted,

/s/ Amy Jeffress
Amy Jeffress (D.C. Bar No. 449258)
Kaitlin Konkel (D.C. Bar No. 1021109)
Taisa M. Goodnature (D.C. Bar No. 90044537)*
H. Atticus Ballesteros (D.C. Bar No. 90043198)*
HECKER FINK LLP
1050 K Street, NW, 10th Floor
Washington, D.C. 20001
Tel: (212) 763-0883
ajeffress@heckerfink.com

*Counsel for Plaintiff Joseph R. Biden, Jr.*

*Admitted pro hac vice*

7