**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **HERITAGE FOUNDATION**, <br><br> **MIKE HOWELL**, <br><br>         *Plaintiffs,* <br><br>     v. <br><br> **U.S. DEPARTMENT OF JUSTICE**, <br><br>         *Defendant,* <br>   and <br><br> **JOSEPH R. BIDEN, JR.**, <br><br>         *Defendant-Intervenor*. | Case No. 1:24-cv-00645 (DLF) |

**DEFENDANT'S OPPOSITION TO DEFENDANT-INTERVENOR'S
MOTION FOR AN INJUNCTION PENDING APPEAL**

**INTRODUCTION**

On June 19, 2026, this Court denied Defendant-Intervenor's motion for a preliminary injunction. On June 19, 2026, the Court ordered "that any motion for an injunction pending appeal, see Fed. R. Civ. P. 62(d), shall be filed no later than 2:00 p.m. today; the plaintiffs shall file any response no later than 3:30 p.m. today." Minute Order.

This Court should deny an injunction pending appeal for all the same reasons that it denied a preliminary injunction — President Biden has no likelihood of success on the merits and any minimal harm is far outweighed by the public interest in disclosure. And in no circumstance should the Court grant an injunction that goes beyond a temporary injunction that would permit the Court of Appeals for the D.C. Circuit an orderly period to consider whether to grant an

injunction pending appeal – specifically an injunction of this Court limited to two weeks, conditioned on President Biden filing by Monday (June 22) a motion in the D.C. Circuit for an injunction pending appeal.

## BACKGROUND

Defendant incorporates by reference the factual background in its prior briefing on the motion. *See* ECF No. 68 at 4-10.  Defendant also incorporates by reference the factual background in the Declaration of Peter A. Winn, dated June 5, 2026.  *See* ECF No. 68-1.  *See also* Memorandum Opinion, ECF No. 78 ("Mem. Op."), at 2-4.  Finally, Defendant incorporates by reference Suppl. Decl. of Amy Jeffress, Ex. 2 (Winn-Jeffress Emails), at 2–4, ECF No. 65-4.

## LEGAL STANDARD

The moving party must demonstrate that an injunction pending appeal is warranted based on consideration of the following factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 433-434 (2009).

## ARGUMENT

### I.  MOVANT HAS FAILED TO SHOW THAT THE REQUIREMENTS FOR EXTRAORDINARY INJUNCTIVE RELIEF HAVE BEEN MET.

For all of the reasons previously stated, Movant has failed to show that he is likely to succeed on the merits of his claim that the Defendant's decision to release the materials to the Heritage plaintiffs is arbitrary, capricious or an abuse of discretion.  *See* ECF No. 68 at 19-35.  The Department's discretionary balancing of interests was reasonable and, as found by this Court,

"[t]he Department's disclosure decision was reasonable under the deferential APA standard." Mem. Op. at 15.

President Biden has made no showing of significant, imminent irreparable harm. As recognized by this Court, "Biden offers little in the way of specific details about the types of harm he foresees, especially in light of related information already in the public domain like the Hur Report and Biden's deposition with the Special Counsel." Mem. Op. at 25. The extensive redactions to the materials mitigate any genuine threat to his interests. *Id.* at 16 ("having reviewed the Zwonitzer materials *in camera*, the Court finds that Biden's privacy arguments largely overlook the Department's recent redactions and reasoning."). Accordingly, any minimal harm is far outweighed by the public interest in disclosure.

Given that movant has not met the most important criteria for an injunction, no injunction pending appeal is appropriate. And in no circumstance should this Court grant an injunction that goes beyond a temporary injunction that would permit the Court of Appeals for the D.C. Circuit an orderly period to consider whether to grant an injunction pending appeal – specifically, an injunction of this Court limited to two weeks, conditioned on President Biden filing by Monday (June 22) a motion in the D.C. Circuit for an injunction pending appeal.

## CONCLUSION

Defendant respectfully requests that the motion for an injunction pending appeal be denied.

DATED: June 19, 2026                         Respectfully submitted,

                                             BRETT A. SHUMATE
                                             Assistant Attorney General
                                             Civil Division

                                             ELIZABETH J. SHAPIRO
                                             Deputy Branch Director
                                             Federal Programs Branch

*/s/ John J. Halloran, Jr.*
JOHN J. HALLORAN, JR.
D.C. Bar No. 454128
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20005
Tel: (202) 598-3398
Fax: (202) 616-8460
Email:  John.J.Halloran.Jr@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

On June 19, 2026, I electronically submitted the foregoing document with the Clerk of Court for the U.S. District Court for the District of Columbia, using the electronic case filing system of the Court.

*/s/ John J. Halloran, Jr.*
JOHN J. HALLORAN, JR.
Trial Attorney
United States Department of Justice
