**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **HERITAGE FOUNDATION**, & <br> **MIKE HOWELL**, <br><br>           *Plaintiffs,* <br><br>     v. <br><br> **U.S. DEPARTMENT OF JUSTICE**, <br><br>           *Defendant.* <br> **JOSEPH R. BIDEN**, <br><br>           *Defendant-Intervenor.* | Case No. 1:24-cv-00645 (DLF) |

**PLAINTIFFS' OPPOSITION TO INTERVENOR'S EMERGENCY MOTION FOR
INJUNCTION PENDING APPEAL**

ii

**INTRODUCTION**

The Heritage Foundation and Mike Howell ("Plaintiffs) oppose the Emergency Motion for Injunction Pending Appeal (ECF No. 79) by Joseph R. Biden, Jr. ("Intervenor") that is now pending before the Court. The Court should deny Intervenor's request for an injunction pending appeal for substantially the same reasons embodied in the Court's June 19, 2026 opinion and order denying Intervenor's motion for preliminary injunction. *See* Mem. Op. & Order, ECF Nos. 77, 78. The Cour received and considered ample briefing, heard argument, and most critically in this context, carefully reviewed the records *in camera* and heavily relied upon that analysis in making a fact-bound reasoned decision. Plaintiffs' agree with the Court's decision in full and merely ask that the Court make a straightforward application of its prior opinion in denying Intervenor's emergency motion here.[1] A motion for an injunction pending appeal is highly disfavored and President Biden has not come close to discharging his extraordinarily high burden. To be sure, the *Government* often receives *stays* in FOIA cases as President Biden alludes to. But here President Biden seeks as a *private party* to *enjoin the Government*. And in any event, "this is not a routine FOIA case. Unlike garden-variety FOIA matters, in which there is little urgency to disclosure, the entire matter here has been handled in an expedited fashion . . . . " precisely because of the extreme interests in timely disclosure recognized by the Department. *Az Fam. Health Partnership v. HHS*, No. 18-cv-2581 (TNM), 2019 WL 130578, at *2 (D.D.C. Jan. 8, 2019)

**BACKGROUND**

On May 5, 2026, the Department of Justice ("Defendant") informed Intervenor it had made a final decision to release the recordings and transcripts at issue ("Zwonitzer materials") to Plaintiffs and Congress on June 15, 2026, unless Intervenor obtained a court order blocking release by that date. On May 12, Intervenor moved to intervene in this litigation in order to enjoin

---

[1] Plaintiffs have no objection to Defendant Department of Justice exercising its discretion to withhold release of the Zwonitzer materials at issue in this case until 9 a.m. on June 25, 2025 in order to allow Intervenor to take an interlocutory appeal on the Court's June 19, 2026 opinion and order denying Intervenor's motion for preliminary injunction.

Defendant from producing the Zwonitzer materials to Plaintiffs and Congress. The Court granted the intervention motion as to Defendant's production of the Zwonitzer materials to the Plaintiffs, but denied it as to production of the Zwonitzer materials to Congress.

On May 29, 2026, Intervenor moved to preliminarily enjoin Defendant from producing the Zwonitzer materials to the Plaintiffs. At a telephonic conference held on June 6, 2026, Defendant agreed to delay the release of the Zwonitzer materials until June 19, 2026, at 5:00 p.m. EST. On June 19, 2026, the Court issued its opinion and order denying Intervenor's motion for preliminary injunction and directed that any motion for injunction pending appeal pursuant to Federal Rule of Civil Procedure 62(d) be filed no later than 2:00 p.m. EST on the same day. Intervenor thereafter moved for an injunction pending appeal pursuant to Rule 62(d), which Plaintiffs now oppose.

## LEGAL STANDARD

Federal Rule of Civil Procedure 62(d) governs injunction pending appeal. *See* Fed. R. Civ. P. 62(d). The standards for evaluating a Rule 62(d) motion are "'substantially the same as those for issuing a preliminary injunction,' meaning the movant must show that (1) 'they are likely to succeed on the merits,' (2) 'they are likely to suffer irreparable harm in the absence of preliminary relief,' (3) 'the balance of equities tips in their favor,' and (4) 'an injunction is in the public interest.'" *Coalition for Humane Immigrant Rights v. U.S. Dep't of Homeland Sec.*, 795 F. Supp. 3d 7, 12 (D.D.C. 2025) (quoting *Alcresta Therapeutics, Inc. v. Azar*, 318 F. Supp. 3d 321, 324 (D.D.C.), *aff'd in part*, 755 F. App'x 1 (D.C. Cir. 2018) (per curiam)). These are "stringent requirements." *Archdiocese of Wash. v. WMATA*, 877 F.3d 1066, 1066 (D.C. Cir. 2017) (per curiam). The first two "prongs" typically are the "most critical." *See Citizens for Responsibility & Ethics in Wash. v. FEC*, 904 F.3d 1014, 1017 (D.C. Cir. 2018) (per curiam) (internal quotation marks omitted). The last two prongs, however, "are by no means an afterthought." *Republican Nat'l Comm. v. Pelosi*, No. CV 22-659 (TJK), 2022 WL 1604670, at *2 (D.D.C. May 20, 2022). When the government is the opposing party, the last two factors merge. *Id.*

"In rare cases, the threat of irreparable harm may be so grave and the balance of equities may favor" the movant "so decisively that an injunction pending appeal ... may be proper," even without a likelihood of success on the merits, so long as the movant establishes a "serious legal question" on the merits and shows that "the other three factors tip sharply" in its favor. *Republican Nat'l Comm. v. Pelosi*, No. CV 22-659 (TJK), 2022 WL 1604670, at *2 (D.D.C. May 20, 2022) *citing See MediNatura*, 2021 WL 1025835, at *6 (cleaned up); *see also Cigar Ass'n of Am. v. U.S. FDA*, 317 F. Supp. 3d 555, 560–61 & n.4 (D.D.C. 2018). When a party seeks to ask the Court to enjoin a coordinate branch of government, "it is even more important that the three remaining factors outweigh the lack of likelihood of success on the merits." *See Trump v. Thompson*, No. 21-cv-2769 (TSC) (D.D.C. Nov. 10, 2021), ECF No. 43 at 4–5.  "Courts must take care not to unnecessarily 'halt the functions of a coordinate branch.'" *Trump v. Thompson*, 20 F.4th 10, 48 (D.C. Cir. 2021) (quoting *Eastland v. U.S. Servicemen's Fund*, 421 U.S. 491, 511 n.17 (1975)).

The moving party bears the burden of showing that a Rule 62(d) injunction is warranted. *McCammon v. United States*, 588 F. Supp. 2d 43, 47 (D.D.C. 2008).  An injunction pending appeal is an "extraordinary remedy." *Alcresta Therapeutics, Inc. v. Azar*, 318 F. Supp. 3d 321, 324 (D.D.C. 2018); *see also John Doe Co. v. CFPB*, 849 F.3d 1129, 1131 (D.C. Cir. 2017) (per curiam).  Affirmative injunctions in this context are "unusual" and "especially disruptive and will be granted sparingly lest Rule 62(d) undermine Rule 65." *Coalition for Humane Immigrant Rights*, 795 F. Supp. 3d, 12.  Since Rule 62(d) injunctions are "an intrusion into the ordinary process[es] of administration and judicial review," it is "not a matter of right, even if irreparable injury might otherwise result to the appellant." *Republican Nat'l Comm. v. Pelosi*, No. CV 22-659 (TJK), 2022 WL 1604670, at *2 (D.D.C. May 20, 2022) (cleaned up).

## ARGUMENT

Because the standards for evaluating a Rule 62(d) motion are "substantially the same as those for issuing a preliminary injunction," *Coalition for Humane Immigrant Rights*, 795 F. Supp. 3d at 12 (cleaned up), the Court should deny Intervenor's Rule 62(d) motion here for substantially

the same reasons as those the Court stated for denying Intervenor's motion for preliminary injunction, *see generally* Mem. Op. & Order, ECF Nos. 77, 78.

 ***Likelihood of Success on the Merits.*** Injunctive relief is "'an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion.'" Mem. Op. & Order at 24, ECF No. 78 (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (citation modified) (emphasis in original)). Intervenor has already failed to carry his burden of establishing a likelihood of success on the merits of his claims brought under the Administrative Procedure Act ("APA") that Defendant's decision to disclose the Zwonitzer materials to Plaintiffs is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). Intervenor here again fails to establish his likelihood of success on the merits of his APA claims for the same reasons the Court decided in its June 19, 2026 opinion and order denying the motion for preliminary injunction that Intervenor "simply has not carried that burden as to his likelihood of success on the merits." Mem. Op. & Order at 24, ECF No. 78.

 Specifically, Intervenor is "not likely to succeed on the merits of his cross-claims against [Defendant] because he has not made a clear showing that [Defendant] abused its discretion in 'determin[ing] that President Biden's reduced privacy interests are outweighed by the significant public interest in the disclosure of the redacted Zwonitzer Materials' and concluding that 'FOIA Exemptions 6 and 7(C) do not apply[] and the redacted Zwonitizer [sic] Materials are required to be provided to the FOIA requesters.'" *Id.* at 22 (quoting Winn Decl. ¶ 17). Because Defendant's "determination that it was required to produce the Zwonitzer materials under FOIA was not 'arbitrary, capricious, [or] an abuse of discretion,' *id.* (quoting 5 U.S.C. § 706(2)(A)), "its decision is 'in accordance with' . . . the Privacy Act's exception for 'disclosure of the record[s] . . . required under [FOIA],' *id.* (quoting 5 U.S.C. §§ 552a(b)(2), 706(2)(A)). And again, all of these determination rested on factual issues, stemming from in camera review. Those determinations received deference.

4

***Irreparable Harm.*** The D.C. Circuit "has set a high standard for irreparable injury. First, the injury 'must be both certain and great; it must be actual and not theoretical.'" *Chaplaincy of Full Gospel Churches v. England*, 454 F.3d 290, 297 (D.C. Cir. 2006) (quoting *Wisc. Gas Co. v. FERC*, 758 F.2d 669, 674 (D.C. Cir. 1985) (per curiam)). The burden of showing such irreparable harm sits squarely on Intervenor. *See, e.g.*, *Winter v. NRDC*, 555 U.S. 7, 22 (2008) ("Our frequently reiterated standard requires plaintiffs seeking preliminary relief to demonstrate that irreparable injury is likely in the absence of an injunction"); *Friends of Animals v. U.S. Bureau of Land Mangt.*, 548 F.Supp.3d 39, 69 (D.D.C. July 12, 2021) (denying preliminary injunction because "at best this brings the question of irreparable harm into equipoise, and FOA, not the BLM, bears the burden of proof" and noting that Plaintiff declined to present live testimony).

As the Court has already opined, Intervenor "offers little in the way of specific details about the types of harm he foresees, especially in light of related information already in the public domain like the Hur Report and [Intervenor's] deposition with the Special Counsel. And courts are generally reluctant to find general harms to personal reputations to be irreparable." Mem. Op. & Order at 25, ECF No. 78 (collecting cases). "Moreover, not all of [Intervenor's] potential harm here is irreparable because the Privacy Act provides a private right of action for 'actual damages' and attorney fees against the United States in the case of a violation." *Id.* (citing 5 U.S.C. § 552a(g)(1); *Clevinger v. Advoc. Holdings, Inc.*, 134 F.4th 1230, 1234 (D.C. Cir. 2025)). Given the lack of evidence that Intervenor's privacy interests actually face concrete, "great" and "certain" harm, the Court should deny his motion. And even assuming *arguendo* that Intervenor's privacy interests are substantial, they are still "mitigated by [Defendant's] extensive redactions, as reviewed by the Court *in camera*." Mem. Op. & Order at 23, ECF No. 78.

***Balance of Equities & Public Interest.*** Intervenor "has not identified any public harm that would arise absent an injunction in this case." Mem. Op. & Order at 26, ECF No. 78. Moreover, "as with [Defendant's] FOIA balancing discussed above, the harm to [Intervenor's] diminished privacy interest is outweighed by the public's interest in the Zwonitzer materials and FOIA's 'policy of broad disclosure of Government documents in order to ensure an informed citizenry,

vital to the functioning of a democratic society.'" *Id.* (quoting *FBI v. Abramson*, 456 U.S. 615, 621 (1982) (citation modified)).

Moreover, the public interest is severely harmed when delay "would deprive the public of information critical to an ongoing national debate of considerable importance, as well as basic details surrounding an unprecedented [action by the Federal Government]." *WP Co. LLC v. U.S. Small Bus. Admin.*, Nos. 20-1240, 20-1614 (JEB), 2020 WL 6887623, at \*5 (D.D.C. Nov. 24, 2020); *accord id.* at \*4 (collecting cases); *Az. Fam. Health*, 2019 WL 130578, at \*3. The information in issue here is obviously relevant simply as to whether non-delegable Presidential actions were actually authorized or auto-penned in the President's name by the senior-most Members of the Biden-Harris Administration. Whether a pardon or a veto is valid is no small matter. Moreover, whether President Biden did, in fact, leak classified information, whether President Biden was in fact impaired, and whether senior Members of the Biden-Harris Administration covered up Biden's apparent cognitive decline is and will continue to be a salient issues in the upcoming 2026 Election. Indeed, the timing of President Biden's decision to resort to litigation at the last possible second and interject delay is pregnant with critical political implications: The goal is to delay any disclosure until **after** the fast approaching Midterm Elections. It is also nonsensical to claim that there has been delay in litigation that steadily worked to settle the case well prior to the Midterm elections. *Cf.* Mot at 36.

Courts have routinely found a clear public interest in disclosure in such circumstances. *See, e.g., Am. Immigr. Council v. DHS*, 470 F.Supp.3d 32, 38 (D.D.C. 2020) ("Plaintiff seeks the requested information to inform the public about ICE's response to the COVID-19 pandemic and the impact of that response on the thousands of immigrant detainees who are presently in ICE custody. A delay in the release of the requested information would cause irreparable harm."); *Wash. Post v. Dep't Homeland Sec.*, 459 F.Supp.2d 61 (D.D.C. 2006) (granting preliminary injunction holding U.S. Secret Service visitor logs for visits to the Vice President and his senior staff were agency records and must be produced due to the public interest in them prior to the 2006 mid-term elections); *Leadership Conf. on Civil Rights v.*

6

*Gonzales*, 421 F.Supp.2d 104, 110 (D.D.C. 2006) ("plaintiff and the public likely will suffer significant harm if the Court grants a stay. The upcoming 2006 federal elections and congressional hearings regarding the re-authorization of provisions of the Voting Rights Act make plaintiffs' information requests time sensitive").

## CONCLUSION

President Biden's Emergency Motion for Injunction Pending Appeal should be denied. The Court has already conducted a thorough analysis of Biden's claims and properly concluded that he is unlikely to succeed on the merits. He has not made a sufficient showing of irreparable harm to overcome this deficiency, and the balance of equities and public interest strongly favor immediate disclosure of the Zwonitzer materials. Granting an injunction pending appeal would reward Biden for losing on the merits and frustrate FOIA's fundamental purpose of ensuring an informed citizenry through broad government document disclosure.

This Court's Memorandum Opinion represents careful consideration of complex issues involving privacy interests, law enforcement transparency, and the unique circumstances of a Special Counsel investigation into a sitting President. That analysis warrants respect and should not be circumvented through emergency appellate procedures where the underlying legal arguments have been fully addressed and found wanting.

For the foregoing reasons, the Court should deny Intervenor's Emergency Motion for Injunction Pending Appeal (ECF No. 79).

7

Dated:  June 19, 2026

Respectfully submitted,

/s/ Samuel Everett Dewey
SAMUEL EVERETT DEWEY
(No. 999979)
Chambers of Samuel Everett Dewey, LLC
Telephone:  (703) 261-4194
Email:  samueledewey@sedchambers.com

JEFFREY BOSSERT CLARK
(No. 455315)
THE OVERSIGHT PROJECT
211 N. Union Street
Alexandria, VA 22314
202-279-1396
Email:  Jeff@itsyourgov.org

KYLE BROSNAN
(No. 90021475)
THE OVERSIGHT PROJECT
211 North Union Street
Alexandria, VA 22314
845-674-5589
Email:  Kyle@ItsYourGov.org

ERIC NEAL CORNETT
(No. 1660201)
THE OVERSIGHT PROJECT
211 North Union Street
Alexandria, VA 22314
845-674-5589
Email:  Neal@ItsYourGov.org

*Counsel for Plaintiffs*

8