**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

HERITAGE FOUNDATION, *et al.*,

       *Plaintiffs*,

    v.

DEPARTMENT OF JUSTICE,

       *Defendant*,

JOSEPH R. BIDEN, JR.,

       *Defendant-Intervenor*.

No. 24-cv-645 (DLF)

**<u>MEMORANDUM OPINION</u>**

On June 19, 2026, the Court denied defendant-intervenor Joseph R. Biden, Jr.'s Motion for a Preliminary Injunction, Dkt. 65, which asked the Court to enjoin preliminarily the Department of Justice from disclosing to the plaintiffs certain records from Special Counsel Robert K. Hur's investigation of Biden (the Zwonitzer materials), *see* Dkts. 77, 78.  Biden subsequently filed an Emergency Motion for an Injunction Pending Appeal, Dkt. 79, which the Court granted in part, *see* June 19, 2026 Minute Order, for the following reasons.

Federal Rule of Civil Procedure 62(d) provides that, "[w]hile an appeal is pending from an interlocutory order . . . that . . . refuses . . . an injunction, the court may . . . grant an injunction on . . . terms that secure the opposing party's rights."  Fed. R. Civ. P. 62(d).  A party seeking a Rule 62(d) injunction must show that (1) "they are likely to succeed on the merits"; (2) "they are likely to suffer irreparable harm in the absence of preliminary relief"; (3) "the balance of equities tips in

their favor"; and (4) "an injunction is in the public interest." *Coal. for Humane Immigrant Rts. v. DHS*, 795 F. Supp. 3d 7, 12 (D.D.C. 2025) (citation modified).

The "plain language" of Rule 62(d) "contemplates the possibility that the district court may grant an injunction" after entering an interlocutory order denying a preliminary injunction. *Id.* (citation modified). Accordingly, the standard for a Rule 62(d) injunction "is, at least at times, more flexible than a rigid application of the traditional four-part [preliminary injunction] standard." *MediNatura, Inc. v. FDA*, No. 20-cv-2066, 2021 WL 1025835, at *6 (D.D.C. Mar. 16, 2021); *see CREW v. Off. of Admin.*, 565 F. Supp. 2d 23, 25 n.1 (D.D.C. 2008) (noting that, although "[t]he test for a[n] . . . injunction pending appeal is essentially the same as the test for a preliminary injunction, . . . courts often recast the likelihood of success factor as requiring only that the movant demonstrate a serious legal question on appeal where the balance of harms favors a stay" (citation modified)); *cf. Comm. on the Judiciary of the U.S. House of Representatives v. Miers*, 542 F.3d 909, 911–12 (D.C. Cir. 2008) (Tatel, J., concurring) ("To show a likelihood of success on the merits sufficient to obtain a stay pending appeal, an appellant who will suffer serious irreparable injury need only raise questions going to the merits so serious, substantial, difficult and doubtful, as to make them a fair ground for litigation and thus for more deliberative investigation." (citation modified)). Thus, a Rule 62(d) injunction "may be appropriate, even if the Court believe[s] its analysis in denying preliminary injunctive relief is correct." *MediNatura*, 2021 WL 1025835, at *6 (citation modified).

The Court finds that a brief injunction is warranted in this case to allow the Court of Appeals for the D.C. Circuit to consider whether to grant an injunction pending appeal. The merits issues before the Court are difficult and weighty, and disclosure of the Zwonitzer materials risks irreparable harm to Biden's privacy interests and reputation. Furthermore, the plaintiffs have not

identified any immediate need for the materials, the release of which at this juncture would likely moot Biden's right to appeal this Court's preliminary injunction order. *Cf. People for the Am. Way Found. v. U.S. Dep't of Educ.*, 518 F. Supp. 2d 174, 177 (D.D.C. 2007) ("Particularly in the FOIA context, courts have routinely issued stays where the release of documents would moot a defendant's right to appeal."); *John Doe Agency v. John Doe Corp.*, 488 U.S. 1306, 1308–09 (1989) (Marshall, J., in chambers) (stay pending Supreme Court's disposition of petition for a writ of certiorari appropriate in FOIA case where, among other things, (1) disclosure of documents "posed a substantial risk of jeopardizing an important ongoing grand jury investigation"; (2) disclosure would moot aspects of litigation; and (3) "the Corporation's interest in receiving th[e] information immediately, while significant if the Corporation's interpretation of the FOIA [wa]s correct, pose[d] no threat of irreparable harm"); *Shapiro v. DOJ*, No. 13-cv-555, 2016 WL 3023980, at *7–8 (D.D.C. May 25, 2016) (similar); *Charles v. Off. of the Armed Forces Med. Exam'r*, No. 09-cv-199, 2013 WL 12332949, at *1–2 (D.D.C. May 9, 2013) (similar); *Judicial Watch, Inc. v. U.S. Secret Serv.*, No. 09-cv-2312, 2011 WL 13377578, at *1–2 (D.D.C. Nov. 14, 2011) (similar).

Where, as here, the legal issues before the Court are complex and considerable, the need for records disclosure is not immediate, the harms to the objecting party are irreparable, and the Court's decision is likely unreviewable, a temporary status-quo-preserving injunction is proper. *See Christian Sci. Reading Room Jointly Maintained v. City & Cnty. of San Francisco*, 784 F.2d 1010, 1017 (9th Cir. 1986) ("[Rule 62(d)] codifies the inherent power of a court to preserve the status quo where, in its sound discretion, the court deems the circumstances so justify." (citation modified)); *cf. John Doe Co. v. CFPB*, 235 F. Supp. 3d 194, 205–07 (D.D.C. 2017) (granting injunction pending appeal where the plaintiff "raise[d] a novel legal question" and publication of

documents related to a civil investigative demand would moot "aspects of [the plaintiff's] sought-after remedy").

For the foregoing reasons, the Court has enjoined the Department of Justice from disclosing the Zwonitzer materials to the plaintiffs for a period of three weeks to permit the Court of Appeals for the D.C. Circuit an orderly period to consider whether to grant an injunction pending appeal.

June 19, 2026

DABNEY L. FRIEDRICH
United States District Judge